Peter **LIBUTTI**, Charles P. McDermott and Anthony J. Gatto, each of them individually and on behalf of all other members of Local 920, International Longshoremen's Association, similarly situated, Plaintiffs,

v.

Alex **DI BRIZZI**, as President, or Joseph Vincenzino, as Business-Agent, or Arnold Guerriero, as Secretary-Treasurer of Local 920, International Longshoremen's Association, Defendant.

No. 64 Civ. 781.

United States District Court
E. D. New York.

Aug. 7, 1964.

Burton H. Hall, New York City, for plaintiffs.

Gleason & Miller, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiffs, members of Local 920 of the International Longshoremen's Association, on behalf of themselves and all other members of the local instituted this action, pursuant to The Labor-Management Disclosure Act, 29 U.S.C. § 411(a)(1). They seek an order, restraining the defendants, officers of the local, from conducting an election of officers unless and until the plaintiffs are afforded a fair opportunity to nominate candidates

for office. The defendants cross move for dismissal of the action.

### FACTS NOT IN DISPUTE

Local 920 is composed of 520 members, employed on the Staten Island waterfront; a regular meeting of the local was held on July 16, 1964 for the purpose of nominating candidates for election to office at the August meeting; the plaintiff, Anthony J. Gatto, was duly nominated for the office of President and the plaintiff, Peter Libutti, was duly nominated for membership on the Executive Board. At the said July meeting when nominations were closed the incumbent President, the defendant, Alex Di Brizzi, appointed a five member committee to pass upon nominations; neither the constitution nor bylaws of the Local authorized the appointment of such a committee; at that same meeting it was announced that the Executive Board had ruled that no member was eligible to office unless he had worked as a longshoreman for at least 700 hours during each of the preceding five years; no such requirement is contained in the constitution and bylaws; the incumbent President never worked as a longshoreman; one fourth of the membership could not qualify under such a rule; the said appointed committee called a meeting for July 22, 1964; at that meeting, the committee rejected the nominations of the plaintiffs on the ground that they did not qualify under the rule.

The 700 hour requirement, promulgated by the Executive Board, was arbitrary and restrictive and in violation of the constitution and bylaws.

Infringement of union members' rights to nominate and vote for candidates by adoption of new eligibility requirements is in violation of the Act. Harvey v. Calhoon, 2 Cir. 1963, 324 F.2d 486. The contention that union members must first exhaust intraunion procedures is untenable. The aggrieved parties of necessity would have to appeal to the Board that recommended the new eligibility requirement. It is obvious that this would be futile because the action of the Board is contrary to the plaintiff's position. In Farowitz v. Associated Musicians of Greater New York, 2 Cir., 1964, 330 F.2d 999, the Court at page 1002 held in part:

> " * * * [I]t is clear that where there is reason to believe that resort to an appeal within the union would be futile it is not necessary to follow such a course as a prerequisite to legal action. See Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2 Cir. 1961)."

The plaintiff's motion is in all respects granted and the cross-motion of the defendant is denied. Security shall be given in the sum of $100. Rule 65(c) of the Federal Rules of Civil Procedure. Submit order, in conformity with Rule 65(d) of the said Rules.